Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
sgrecordon@aol.com

Alara Chilton (SBN 236711)
**Law Office of Alara T. Chilton**
9116 Northcote Road
Santee, CA 92071
Phone: 619-672-7201
alarachilton@gmail.com

Attorneys for Plaintiffs JEFFREY PRITCHARD and JULIE PRITCHARD

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PRITCHARD and JULIE PRITCHARD,<br><br>             Plaintiffs,<br><br>vs.<br><br>SPACE COAST CREDIT UNION and PROFESSIONAL RECOVERY SERVICES, INC,<br><br>             Defendants. | CASE No.<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT |

/ / /

/ / /

/ / /

Complaint

-1-

## INTRODUCTION

1. Plaintiffs Jeffrey Pritchard and Julie Pritchard (collectively "Plaintiffs") through their counsel, brings this action to challenge the acts of Space Coast Credit Union ("Space Coast") and Professional Recovery Services, Inc. ("PRS") (collectively "Defendants") regarding attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

2. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. At all times herein mentioned, upon information and belief, Defendants were the agents, servants, and/or employees of their co-defendants and Defendants' acts shall mean that Defendants did the acts alleged through their officers, directors, managers, agents, representatives and/or employees while they were acting within the course and scope of said agency, authority, and employment.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant PRS's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and Defendants PRS and Space Coast's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

///


8. As Space Coast, through their agents, committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over Space Coast for purposes of this action.

9. As PRS committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over PRS for purposes of this action.

10. Venue is proper as the acts at issue were aimed at the Plaintiffs in Kern County, Defendants intended for their acts to cause effects in Kern Count, and in fact the acts committed did cause effects in Kern County, and part of the acts at issue took place in the Kern County.

## PARTIES

11. Plaintiff Jeffrey Pritchard is a natural person, an adult, and resides in Kern County, California, and was a resident of Kern County at the time of the acts complained of here.

12. Plaintiff Julie Pritchard is a natural person, an adult, and resides in Kern County, California, and was a resident of Kern County at the time of the acts complained of here.

13. Defendants claimed that Plaintiffs were obligated to pay a debt incurred for personal, family or household purposes, and therefore Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiffs are natural persons from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

16. Plaintiffs are informed and believe and thereon allege that Defendant Space Coast is a Florida chartered credit union, based in Florida and who committed acts through their agents aimed at the State of California.

17. Defendant Space Coast, in the ordinary course of business, regularly, on behalf of himself, himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

18. Plaintiffs are informed and believe and thereon allege that Defendant PRS is a Florida corporation doing business in the State of California, and who committed acts aimed at the State of California.

19. Defendant PRS is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Defendant PRS, in the ordinary course of business, regularly, on behalf of himself, himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

**FACTS COMMON TO ALL CAUSES OF ACTION**

21. Plaintiffs owned a property located at 2462 St. John's Lane, Melbourne, Florida, 32935 (the "Florida Property") from 1994 until April 2013.

22. Plaintiff held the Florida Property subject to two mortgage loans issued by Defendant Space Coast.

23. On information and belief, the first mortgage ("First Mortgage") had a Space Coast account number of 231450-01.

24. On information and belief, the second mortgage ("Second Mortgage") had a Space Coast account number of 231450-60.

25. On information and belief, the Second Mortgage was opened on or around March 2007.

26. On or around March 2013, a closing agent for Alliance Title Insurance Agency, Inc., in Florida, acting on Plaintiff's behalf, proposed a short sale on the property to Defendant Space Coast.

27. On or about March 27, 2013, Defendant Space Coast sent Plaintiff Jeffrey Pritchard a letter dated March 27, 2013 ("March 27, 2013 Letter"), stating that Defendant Space Coast accepted the proposed short sale on the Florida Property that was to close on April 18, 2013.

28. A true and correct copy of the letter is attached hereto as Exhibit 1 and is incorporated herein by reference.

29. In the above March 27, 2013 Letter, Defendant Space Coast stated that upon receiving $22,431.81, Defendants Space Coast would satisfy the mortgage on the Florida Property. The letter referenced the account number for the Second Mortgage (account no. 0000231450-60).

30. On information and belief, on or around April 16, 2013, Defendant Space Coast received $97,418.02 from the short sale of the Florida Property. Per the HUD Settlement Statement, this amount was as a "payoff of first mortgage loan."

31. A true and correct copy of this HUD Settlement Statement is attached hereto as Exhibit 2 and is incorporated herein by reference.

32. On information and belief, on or around April 16, 2013, Defendant Space Coast also received $22,929.30 from the short sale of the Florida Property. The HUD Statement lists that this amount was as a "payoff of second mortgage loan." See Exhibit 2.

33. The amount of $22,929.30 was $497.49 more than what Defendant Space Coast had previously agreed to accept in satisfaction of the second mortgage.

///

34. On or around April 19, 2013, instead of discharging the Second Mortgage as agreed, Defendant Space Coast instead applied the amount of $22,929.30 toward the principal of the second mortgage.

35. Defendant Space Coast did not apply this amount in satisfaction of the Second Mortgage, in breach of the agreement made on March 27, 2013.

36. On or around September 11, 2013, on behalf of Defendant Space Coast, Defendant PRS mailed a dunning letter, dated September 10, 2013, to Plaintiff Jeffrey Pritchard ("First PRS Letter").

37. A copy of this First PRS Letter is attached hereto as Exhibit 3 and is incorporated herein by reference.

38. A copy of the envelope in which the First PRS Letter was delivered is attached hereto as Exhibit 4 and is incorporated herein by reference.

39. Defendants' First PRS Letter falsely and deceptively asserted that Plaintiff Jeffrey Pritchard owed $51,843.41 to Space Coast based on the Second Mortgage.

40. Defendant PRS mailed the First PRS Letter to Plaintiffs' home address, located in Kern County, California.

41. On or around September 12, 2013, Defendant PRS mailed a second dunning letter to Plaintiff Jeffrey Pritchard, also dated September 10, 2013 ("Second PRS Letter").

42. A copy of this Second PRS Letter is attached hereto as Exhibit 5 and is incorporated herein by reference.

43. A copy of the envelope in which Second PRS Letter was delivered is attached hereto as Exhibit 6 and is incorporated herein by reference.

44. Defendant PRS mailed the Second Dunning Letter to Plaintiffs' home address which is in Kern County, California.

///

///

45. Defendants' Second Dunning Letter falsely and deceptively asserted that Plaintiff Jeffrey Pritchard owed $51,843.41 to Defendant Space Coast based on the Second Mortgage.

46. On or around September 25, 2013, Plaintiff Jeffrey Pritchard mailed Defendant PRS a letter dated September 24, 2013, ("First Dispute Letter"). This First Dispute Letter was mailed to two of Defendant PRS's business addresses: 221 Laurel Road, Two Echelon Plaza, Suite 350, Voohees New Jersey, 08043 and P.O. Box 1880 Voohees, New Jersey, 08043.

47. This First Dispute Letter demanded verification and validation of the alleged debt, and documentation of the calculation of the alleged debt, "including proof of the debt's assignment, name and address of the original creditor, and the original account number of the original creditor."

48. This First Dispute Letter also instructed Defendant PRS to cease communications with Plaintiff Jeffrey Pritchard with the exception of the aforementioned requested information.

49. A copy of this First Dispute Letter is attached hereto as Exhibit 7 and is incorporated herein by reference.

50. On information and belief, Defendant PRS received the First Dispute on September 30, 2013.

51. A copy of the United States Post Office tracking for this letter is attached hereto as Exhibit No. 8 and is incorporated herein by reference.

52. On information and belief, between September 2013 and February 2014, Defendant PRS continued to contact Plaintiffs about the alleged debt by calling Plaintiffs' home phone on at least 11 separate occasions.

53. Three of these occasions were after September 30, 2013, the date Defendant Debt Collector received the First Dispute Letter.

///
///

54. On or around December 3, 2013, Plaintiff Jeffery Pritchard received a letter ("Third PRS Letter") from Defendant PRS, along with certain documents pertaining to the Second Mortgage.

55. In this Third PRS Letter, Defendant PRS claimed that the documents sent with the Third PRS Letter "substantiated" Defendant Debt Collector's claim that $51,843.41 was owed to Defendant Space Coast on the Second Mortgage, account number ending in 60.

56. Neither Defendant PRS nor Defendant Space Coast appears to have engaged in any further investigation into the falsity of Defendants' claims of a debt owing in the amount of $51,843.41.

57. On or around June 2013, Defendant Space Coast communicated credit information to all three of the major credit reporting agencies alleging that Plaintiffs owe a balance of $51,843.00 on the Second Mortgage.

58. This false information remains on both of Plaintiffs' credit reports.

59. In June and September 2013, Plaintiffs disputed the credit information with credit reporting agency, Equifax, regarding the amount allegedly due on the second mortgage.

60. This false information remains on both of Plaintiffs' Equifax credit reports.

## ALLEGATIONS SPECIFIC TO CERTAIN CAUSES OF ACTION
### FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA by PRS)

61. Plaintiff Jeffrey Pritchard re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

62. Defendant PRS violated the FDCPA. Defendant PRS's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    b.    *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    c.    *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt; and

    d.    *15 U.S.C. §1692f(1)* by collecting or attempting to collect an amount not authorized by agreement or by law.

63.    Plaintiff Jeffrey Pritchard is entitled to actual damages sustained as a result of Defendant PRS's conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## SECOND CLAIM FOR RELIEF

**(Violations of the Rosenthal Act by Defendant Space Coast and Defendant PRS)**

64.    Both named Plaintiffs repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

65.    Based on information and belief, Defendants' acts and omissions violated *California Civil Code § 1788 et seq.* including, but not limited to the following sections: *California Civil Code §§ 1788.17* and *1788.13*.

66.    Based on information and belief, Defendants' violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include, but are not limited to, the following: Defendants' violations include, but are not limited to the *following*:

    a.    *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt;

    b.    *15 U.S.C. §1692e(2)* by misrepresenting the character, amount and legal status of a debt;

    c.    *15 U.S.C. §1692e(8)* Communicating or threatening to communicate to any person credit information which is known or which should be

known to be false, including the failure to communicate that a disputed debt is disputed.

    d.    *15 U.S.C. §1692e(10)* by use of a false representation or deceptive means to collect a debt;

    e.    *15 U.S.C. §1692f(1)* by collecting or attempting to collect an amount not authorized by agreement or by law.

67. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

68. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants PRS and Space Coast, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant PRS and for Plaintiffs;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant PRS and for Plaintiffs;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendants PRS and Space Coast and for Plaintiffs;

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendants PRS and Space Coast and for Plaintiffs;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant PRS and for Plaintiffs;

///

///

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendants PRS and Space Coast and for Plaintiffs; and

7. Such other and further relief this court may deem just and proper.

                                                  Respectfully submitted,

DATED: September 9, 2014          /s/ Stephen G. Recordon
                                            STEPHEN G. RECORDON
                                            Attorney for Plaintiffs